JACOB CREVELING'S EXECUTORS v. CHRISTIANA JONES.

A bequest in these words: "I give unto C. J. & D. J., each $400, to be paid to them by my Executors; if they are not of age at my decease, I order my Executors to pay each of them yearly and every year, the interest of $400, until they arrive of age. I further order my Executors to pay out of my estate to C. J. $400 one year after my decease, and to pay D. J. $400 two years after my decease, in full of their legacies bequeathed to them." Construed to give single legacies of $400 each to C. J. and D. J. and not cumulative legacies.

The above bequest of $400, without fixing a time when it is to be paid, but providing that if under age, the interest shall be paid until legatees come of age, without the last clause would make the legacies payable in one year after death of testator, if they should be of age at his death; and if not then of age, payable when they become of age. The last clause regulates the time of payment, if they should be of age at his death.

To ascertain the intention of a testator, the clauses in a bequest may be transposed, and words added or changed.

In Error to Supreme Court.

This cause was argued before the Supreme Court, at the Term of February, A. D. 1842, upon the following state of the case:

This action is brought by the plaintiff below, Christiana Jones, a grand daughter of Jacob Creveling, deceased, to recover $800 with interest, being a legacy given to her in and by the eighth clause of the last will and testament of deceased, which clause is as follows:

" 8th. I do give and bequeath unto my two grand daughters, Christiana Jones and Deborah Jones, each four hundred dollars, to be paid to them by my executors; if they are not of age at my decease, I order my executors to pay each of them yearly and every year, the interest of four hundred dollars, until *the arrive of age*. I further order my executors to pay out of my estate to Christiana Jones, four hundred dollars one year after my decease, and to pay Deborah Jones four hundred dollars two years after my decease, in full of their legacies bequeathed to them."

The testator died in May, 1833: the plaintiff then being eighteeen years of age. The plaintiff's father, David Jones, died before testator; and her mother, when the will was made, was

the wife of Benjamin Cooper. At the time the will was made, she had three children, viz : Christiana, about eighteen, George, about seventeen, and Deborah, about thirteen.

The personal property of deceased amounted to $5,583.18 ; his real estate consisted of five valuable farms, besides the tavern property at Bloomsbury, and was worth about $25,000. If the court shall be of opinion that the plaintiff is entitled to a legacy of $800, principal under said will, then judgment is to be entered in her favor for that amount, with interest ; and if the court shall be of opinion that she is only entitled to $400, then judgment for that amount, with interest from the time the legacy became due, with costs.

At September Term, A. D. 1842, (a) the Supreme Court rendered judgment in favor of the said Christiana Jones for $1,204 of debt, and $67.64 costs of suit, and thereupon the said executors removed the cause into ·this court by writ of error ; and specially assigned for error :

1st, That the declaration is not sufficient in law for the said Christiana Jones to have or maintain her aforesaid action against the said executors.

2d, That the Supreme Court gave judgment in favor of Christiana Jones for two legacies of four hundred dollars each, as double or cumulative legacies under the will of Jacob Creveling, deceased ; whereas, the said Christiana Jones was entitled to but a single legacy of four hundred dollars.

The defendants joined in error.

RANDOLPH, J. The question in this case is whether the grand daughters, Christiana and Deborah, are to have, under the will of Jacob Creveling, deceased, a legacy of $400 each, or two legacies of $400 each ; and this question is to be determined by the intention of the testator, to be derived mainly from the section under consideration, with but little aid from the rest of the will or extrinsic circumstances, or from the numerous cases referred to by counsel. To effect this intention the different

(a) See report of case in 4 *Harr.* 130.

clauses may be transferred, and, if necessary, words may be changed or added. The first clause of this, like the other bequests in the will, begins thus : "*I do give and bequeath* unto my two grand daughters, Christiana Jones and Deborah Jones, each $400, to be paid by my executors." This is all that is *given* or *bequeathed* in express terms, the rest of the section consists in directions or orders to the executors as to the payment. The second clause says : "if they are not of age at my decease, I *order* my executors *to pay* each of them yearly and every year, the interest of $400, until *the* arrive of age." So far all is clear, but the legacy is yet imperfect; the testator has given each $400, and if they are under age at his death, has provided for the payment of interest till of age, and thereby implied as his intention that the principal was to be paid when the interest thereon should cease. But he has not yet provided when the first named $400 is to be paid, in case the legatees are of age at his decease ; true, the law or principles of construction may settle that, but that will not be the act of the testator ; he is to fix the time, if he chooses ; he has not done it by the first and second clauses ; all the contingencies of the original legacy are not provided for ; he therefore adds a third clause to supply the deficiency. He says : "I *further order* my executors to *pay*," not that I further give and bequeath or order my executors to *further* pay, but having made one order in the second clause on his executors to pay something, in regard to the original legacy, he now adds : "I further order my executors to pay out of my estate, to Christiana Jones $400 one year after my decease, and to Deborah Jones $400 two years after my decease," and then as if to clear away any obscurity that might be caused by this last clause, he adds : "in full"—of what? this last bequest? no—"of their *legacies*—*bequeathed* to them." Why this last phrase or any other supposition ? or why in full of whatever legacies were bequeathed ? Perhaps a transposition may make this more apparent, thus : "I do give and bequeath unto my two grand daughters, Christiana Jones and Deborah Jones, each $400, to be paid to them by my executors—I order my executors to pay out of my estate, to Christiana Jones $400 one year after my decease, and to pay Deborah Jones $400 two years af-

ter my decease, in full of their legacies bequeathed to them ; if they are not of age at my decease, I further order my executors to pay each of them the interest of $400, until *the* arrive of age." This is simply a transposition without the addition of a single word.

Upon a question whether two legacies shall be construed to be cumulative or not, a fair and forcible argument in support of the increase may be drawn from the fact that they are for different sums; or the sums are stated in different sections of the will; or one in the will and another in a codicil ; or the sums are made payable at different times, or out of different funds. But these matters must appear on the face of the will itself, or will and codicil, as the act of the testator himself, and not be a mere implication of law or construction, for this would be settling the intention of the testator in a doubtful clause by other doubtful clauses. These legacies are for the same sums, given in the same section which also provides for their payment, and the addition of the words " out of my estate " in the third clause, can have little weight, for all the legacies are charged on his estate. Whether the grand daughters were to have a legacy of $400 each, or two legacies of $400 each, all agree is a question of intention ; and occupying, as the entire bequest does, but ten consecutive lines, the testator must be presumed to have understood what that intention was, and whether he was carrying it out. No inference of forgetfulness or confusion can arise, as there might, if the sums were in different parts of the will, or will and codicil, or involved with other bequests or devises. If the intention of the testator then was to give $800 to each of his grand-daughters, that intention must have existed either when he commenced drafting or dictating the 8th section, or been an after thought—if the former, he would have said at once I give to my two grand-daughters each $800, and would never have attempted indirectly, obscurely, and by halves, to express a settled, direct, plain and entire determination. If, on the other hand, it was an after thought, and the testator concluded to give a further sum of $400 to each of his grand-daughters, knowing as he must, what he had just done, and what he had then concluded further to do, he would have expressed himself explic-

itly and so clearly as to have left no doubt that his last inten-
tion would have been understood and carried into effect; he
would have used some word or phrase directly indicating that
the last $100 was an addition to the first $400, or at least to shew
that it was not the same; he would have begun the clause with
directing his executors to make an additional or further pay-
ment, or the payment of a further sum, not with a mere " further
order" to pay, and he would not have concluded it with the
sentence " in full of the legacies bequeathed to them."

The CHANCELLOR, and Judges SCHENCK, ROBERTSON and
SPEER, concurred with Judge RANDOLPH, and the judgment
below was reversed.

CARPENTER, J. (dissenting.) The defendant in error (plaintiff
below) has brought suit, and insists that she is entitled to $800
and interest, under a clause in the will of her grand-father,
while the plaintiffs in error insist that the testator bequeathed to
her only the sum of $400.    The Supreme Court, (two of the
Justices dissenting,) sustained the claim of the legatee, and that
judgment has been removed by writ of error to this court.
There is little difficulty or disagreement as to the rules of law
which are to be resorted to, to assist us in the construction of
the clause in question.    The embarrassment is in the applica-
tion of these rules.    It is doubtless the *intent* of the testator
that is to be sought for, and which if discovered, is to guide and
control us in the decision of this question.    But what is that
intent ?    It is first to be sought in the clause itself, by examin-
ing the words of that clause.    The rules of interpretation are
well known.    We are to take the *words* as used by the testator,
neither adding to, nor taking from those words, if capable of a
consistent meaning, and not contrary to any rule of law.    It is
the *intent* to be sought for, but in the *words* and not to be strained
against the words.    The eighth clause of the will, under which
this controversy arises, is in the following words :

" 8th. I do give and bequeath unto my two grand-daughters,
Christiana Jones and Deborah Jones, each four hundred dollars,
to be paid to them by my executors; if they are not of age at

my decease, I order my executors ·to pay each of them yearly and every year the interest of four hundred dollars, until *the* arrive of age.    I further order my executors to pay out of my estate to Christiana Jones four hundred dollars one year after my decease, and to pay Deborah Jones four hundred dollars two years after my decease ; in full of their legacies bequeathed them."

Did the testator in this clause intend to bequeath a single or a double legacy of four hundred dollars ?    There are doubtless difficulties in either construction which may be adopted, and the minds of different persons may ·very naturally arrive at different results.    It is with some diffidence that I submit the result to which my mind has arrived after such investigation as I have been able to give to the subject.

In the first clause of this particular bequest, the testator first bequeaths to the two grand-daughters $400 each, to be paid by his executors.    This standing alone is an absolute bequest, and would entitle the legatees to claim the payment thereof from the executors in one year from the death of the testator.·    But the testator further proceeds to declare, that if the legatees " are not of age at my decease, then I order my executors to pay each of them yearly and every year the interest of four hundred dollars, until they arrive of age."    By the strongest and most necessary implication, and without any effort or straining of the language, by these words the testator postpones the payment of the $400 to each of his grand-daughters until they arrive of age, and until then, ·requires his executors to pay them· respectively yearly the interest of the four hundred dollars.    So far no doubt or difficulty has 'been, or can be suggested.    So far the counsel are agreed.    It is now on the subsequent words the difficulty arises. " I *further* order my executors to pay *out of my estate*, to Christiana Jones four hundred dollars one year after my decease, and to pay to Deborah Jones four hundred dollars two years after my decease, in full of their legacies bequeathed to them."

The counsel of the executors insists that this is not a duplication of the legacies, or that there is no evidence of such intention ; but that it is merely a direction as to the mode of payment.    That in the first division or sub-clause, (already recited,)

the testator gives the legacy to each legatee respectively. That in the second, he provides for the mode of payment, in case the legatees should be minors at the time of his decease. And that in the third, just recited, he provides for the mode or time of payment, in case they should have arrived of age before his decease. To make this plain, he says these words should be inserted " and if of age." The last clause will then read, " *And if of age, then* I further order," &c. ; according to which reading, Christiana would, in such contingency, be entitled to her four hundred dollars in one year, and Deborah to her four hundred dollars in two years after the decease of the testator. This is a very intelligible and consistent theory or explanation, and if we are entitled to interpolate, these words will put an end to the controversy. If we can supply these words, the whole difficulty vanishes at once. The testator would by the first clause bequeath the money ; by the second, make provision as to its payment, in case of his death before the legatees arrive of age ; and by the third, in case of his death after they should have arrived of age. Let us see if we can properly insert these words. " The *intention* of the testator," (says one of the Justices in an opinion delivered in the court below;) " is the governing principle, and this is to prevail however obscurely expressed, if it can be ascertained with reasonable certainty. To determine the testator's meaning, we are in the first place to be confined to the particular paragraph containing the bequest, and to give to every part of it that construction which its language, in ordinary acceptation, imports. If by doing this we still fail in removing all uncertainty and doubt, we may reject inconsistent and contrary words, or supply others in aid of the apparent intent to be collected from the whole context." The rules of construction applicable, are here stated with succinctness and precision. We are first to look to the words of the paragraph as they stand in the will, in order to ascertain their meaning. It is only when a sensible meaning cannot be extracted from the words as they stand, that we are at liberty to alter or amend, either by adding to or taking from. Now let us see whether the words, without straining, are capable of a consistent and reasonable meaning ; for it is only when insensible, or in aid of an apparent intent,

that we are to supply words. The first bequest, as already said, is perfect and complete. If of age, the legatee would be entitled to receive it in one year from the death of the testator. If not of age, she would then be entitled to the interest until of age, when it would be payable. Then in the last clause, by words which standing alone and unqualified, would seem amply sufficient to bequeath money, the testator proceeds : " I further order and direct my executors to pay out of my estate to Christiana Jones four hundred dollars one year after my decease, and to pay to Deborah Jones four hundred dollars two years after my decease ; in full of their legacies bequeathed to them." Confining our attention to this particular paragraph, what difficulty is there in giving the words a sensible interpretation, perfectly consistent with the rules of law ? Taken in connection with the previous sentences, what is there inconsistent with the previous bequest, or contrary to the intent upon the face of the will, so as to require a resort to super-added words ? " Further," (besides what I have done before,) " I order my executors to pay," &c. It seems to be a direct, additional bequest, in plain words, and another intention or meaning cannot be reached except by an interpolation. Such might be made to aid an intent, but can it be made to create an intent ?

It is said that the formal words " I give and bequeath," are not used in the latter paragraph, the testator generally using formal words of that character in his disposition of his estate. True, but the use of these or such words is not essential to the validity of a bequest ; and sufficient words being used, a variation from a formula seems to me to be a slight circumstance upon which to found an argument.

Stress has been laid on the words, " in full of their legacies bequeathed to them," in immediate connection with the last clause. It is said if he had intended to give the legatees eight hundred dollars each, that the testator would not have directed that the payment of four hundred dollars should be in full satisfaction of the legacies bequeathed to them. Perhaps the principal difficulty in the construction arises from this *addendum*. Of course it is not to be rejected, unless obviously inconsistent with the apparent intent, or with a plain and particular dispo-

sition before expressed. Words may be unimportant, may be superfluous, but we cannot, unless so constrained by the necessity of the case, regard them as inconsistent, and therefore reject them. We ought rather to search for a meaning consistent with the intent and meaning of the previous clauses. Do these words necessarily refer to the last clause alone? Naturally, at first sight, they would appear to do so, but if inconsistent in such restrained application, is there any thing which forbids their relation to both clauses of this bequest and to the whole provision for these legatees? Is there any thing so controlling or so persuasive in the connection of these words with the last clause, as to authorize us, in support of the construction urged by the counsel of the executors, to interpolate additional words in order to maintain that construction? In looking for a meaning consistent with the previous clauses, though not the first and most obvious meaning, yet I cannot but regard these words as reasonably applied to both clauses. It is but one bequest—one entire and continued provision for this branch of the testator's family, and he concludes the whole provision by the declaration, unimportant it is true, and apparently a kind of formula adopted by the testator, but the declaration that it was to be " in full of their legacies bequeathed to them." At all events I have been unable, by the admission of a loose phrase, to find such an obvious and expressed intention as will justify me in the alteration or controlling of a plain and particular disposition before expressed.

I have considered the case, as it was considered by the court below, and by the counsel on the present argument, not as if it were two separate and independent bequests, and not as a case of double legacies, such as involves the doctrine of cumulative legacies. I consider it as one *continued* and *entire* provision. I have looked at it simply as a question of intention, and that intention to be drawn from the words of the will used in their natural and ordinary meaning. I have not felt at liberty to speculate or refine on the absurdity or otherwise of the arrangement; or the probabilities of the testator's intending to do this thing or the other thing in the disposition of his estate. I have

kept my. attention fixed on the *words* themselves, and thinking that I have found a meaning there, I have not thought myself at liberty to look further.

I am of the opinion that the judgment of the Supreme Court should be affirmed.

Judges PORTER and SPENCER concurred in the opinion delivered by CARPENTER, J. and voted for affirmance.

Judgment reversed—5 for reversal—3 for affirmance.