CHARLES E. PATTERSON et al.

*v.*

THOMAS H. READ, executor &c.

A testator by his will gave certain property to his son Thomas. He then gave the interest on the residue of his property to his wife for life, and, in case she should die before the children of his daughter Sarah had attained their majority, then so much of said interest as, in his executor's opinion, was necessary for their support should be so applied. He also made an additional bequest to any of the sons of his son Thomas or of his daughter Sarah who should be apprenticed to learn a mechanical trade or business, and that the surplus interest not so used should be invested for the benefit of all the grandchildren equally. He then ordered that after his wife's death, the residuary estate should be equally divided among all of the children of said son and daughter. The widow is dead. The children of his daughter Sarah (who predeceased the testator) are infants of tender years, whose father has been absent, and not heard from for a long time, and may be dead.—*Held*, that the provision for the division of the residue after the widow's death did not necessarily require its immediate division thereafter, and that the executor, who has ample funds on hand for the purpose, should apply a reasonable amount thereof for the support of Sarah's infant children.

Bill for construction of will &c. On final hearing.

Patterson *v.* Read.

*Mr. H. G. Clayton,* for complainants.

*Mr. C. H. Winfield,* for executor.

THE CHANCELLOR.

Wilson Read, late of the county of Monmouth, deceased, by his will, after directing that his debts and funeral expenses be paid, gave to his son, Thomas H. Read, his farm in the township of Atlantic, in that county, and also $200 per annum (to be paid out of the interest arising from his personal estate), to pay the interest upon a certain judgment so long as the judgment should continue in force. He then gave to his wife, for life, for her use and benefit, all the interest and profits arising from the residue of all his property, real and personal, or so much thereof as she might require or desire; and he provided that in case of her death before the children of his daughter Sarah should be of age, then so much of the interest of his residuary estate as, in the judgment of his executor, might be necessary for the support and maintenance of those children, during their minority, should be applied thereto. He further ordered that if either (or any) of the sons of his son Thomas, or of his daughter Sarah, should choose to learn some mechanical trade or business, and, with the consent of his executors, should be apprenticed thereto, they should, after having served faithfully their terms of apprenticeship, be paid, out of his personal estate, $100 for each year, not exceeding three, of such service, in addition to their equal (share)

NOTE.—In *Dixon v. McCue, 14 Gratt. 540,* a testator directed his farm to be kept for five years, and cultivated for the benefit of his family, and longer if the executor thought their interests would be thereby promoted, with a power of sale in the executor " at the proper time, say after five years;" and each child was to have its share of the estate on arriving at twenty-one. The widow, with the family, lived on the farm and cultivated it for five years, when the oldest child was nearly twenty-one, and then the executor offered the farm for sale.—*Held,* that it was not the positive duty of the executor to sell the land in time to pay the oldest child its share, but, as the executor was acting in good faith, and was of opinion that the interests of the family require a sale, and that opinion not being disproved by the evidence, the chancellor would not interfere and substitute his discretion for that of the executor.—REP.

and proportion of his residuary estate. He also ordered that whatever surplus, if any there might be, arising from the " proceeds of the interest of his personal or real estate," after the payment of the " aforesaid grants," and which his wife might not wish to use, should be invested in some safe and secure investment for the benefit of all of his grandchildren in common, "each and all to share alike." He then ordered that after the decease of his wife, the residue of all his personal and real estate should be equally divided among all the children of his before-mentioned son and daughter ; and he added :

" And my executors are hereby empowered, if, in their judgment, it will be for the advantage of either of my grandchildren, on their attaining their majority, to pay to him or her what is their fair and just proportion of my residuary estate."

The testator's widow is dead. Three of the children of his daughter Sarah are minors. The complainants are two of them. According to the statement of the bill, they are of tender years, and, about six years ago, they were left by their father (their mother predeceased the testator) without means of subsistence or protection, and are dependent upon the charity of their other relatives for their support. They have not heard from their father for a long time, and do not know where he resides, if living, nor whether he is living or not. The bill further states that the surviving executor of the will settled his accounts in May, 1885, and that upon such settlement there was found a balance of $23,747.87 of the estate in his hands. The executor refuses to apply the interest of that money, or any part of it, to the support of the complainants, and the bill is filed to compel him to provide a proper support for them out of the interest of the money of the estate in his hands.

The testator, by the will, gave to his widow all the interest and profits arising from the residue of his estate, or so much thereof as she should choose to take, for her own use and benefit for life, and added the following provision :

"And in case of her death before the children of my daughter, Sarah Pat-

Patterson *v.* Read.

terson, should be of age, then so much thereof of the interest of said estate as, in the judgment of my executor, may be necessary for the support and maintenance of said children of my said daughter, Sarah Patterson, during their minority."

It is evident that by this clause the testator intended to devote to the support of the children in the contingency mentioned, so much of the interest and profits of the residue as should, in the judgment of his executor, be necessary for the purpose. Words may be supplied in a will in order to effectuate the obvious intention of the testator. *2 Wms. Exrs. 1098 ; 2 Jar. Wills (R. & T. ed.) 486.* Nor does the subsequent provision that after the death of the widow the residue shall be equally divided between all of the children of the testator's son Thomas and the children of the testator's daughter Sarah, if rightly considered, militate against this construction. The testator provided that if any of the sons of his son Thomas or of his daughter Sarah should choose to learn a mechanical trade or business and be apprenticed thereto, with the consent of his executors, and should serve out his or their term of apprenticeship, he or they should receive, out of the testator's personal estate, $100 for each and every year (not exceeding three) of service, in addition to his or their proportionate share of the residuary estate. He also provided for the payment by the executors, at their discretion, to any of the residuary legatees, upon attaining to majority, of his or her fair share of the residue. It is evident that the testator, by the provision that the division should take place after his wife's death, did not mean that it should necessarily take place immediately after her death, in case she should die while Sarah's children were yet minors, but meant that it should take place after the provision which he had made for the application of the interest and profits of the residue for her benefit, and in a certain contingency for the benefit of Sarah's children, should be at an end, whether by the death of his wife, if at that time Sarah's children should be of age or be dead, or if they should then be living and not then be of age, then when they should have attained to majority. The executor should be required to provide support

out of the interest of the residue for the complainants. There will be a reference to a master to ascertain the amount of expenditure necessary therefor.