JOHN W. HERBERT, III, as substitutionary administrator with the will and codicil annexed of Jean R. Herbert, deceased, complainant-respondent,

*v.*

CENTRAL HANOVER BANK AND TRUST COMPANY, a corporation of New York, OLIVIA ANTOINETTE HERBERT, JOHN WARNE HERBERT, 3D, and JOHN A. O'BRIEN, executors of the last will and testament of John W. Herbert, deceased, and others, defendants-respondents, and CENTRAL HANOVER BANK AND TRUST COMPANY, executor of the last will and testament of Kate Herbert Kelly, deceased, PAUL P. HERBERT, ORA E. HERBERT, HAZEL HERBERT MANN, CLYDE H. MANN, AGNES HERBERT KRULL, MARY HERBERT KRULL, FRANK KRULL, METHODIST HOME FOR THE AGED OF NEW JERSEY, and THE WOMEN'S COLLEGE, a subsidiary of said Rutgers College, WILLIAM ELY, executor of the estate of Gertrude Ely, and MARY S. VAN KIRK PRYAL, defendants-appellants.

[Submitted May term, 1942. Decided October 22d, 1942.]

*Mr. Carl M. Herbert,* for the complainant-respondent.

*Messrs. McCarter, English & Egner (Mr. Arthur F. Egner,* of counsel), for the defendants-respondents Central Hanover Bank and Trust Co. et al., executors of the last will and testament of John W. Herbert, deceased.

*Messrs. Lindabury, Depue & Faulks (Mr. Emory C. Risley,* of counsel), for the defendant-appellant Central Hanover Bank and Trust Co., executor of the last will and testament of Kate Herbert Kelly, deceased.

*Messrs. Tiffany & Massarsky,* for the defendant-respondent J. Raymond Tiffany, executor of the estate of Gertrude Ely, deceased.

*Messrs. Quinn & Doremus (Mr. Thomas P. Doremus,* of counsel), for the defendants-respondents William Ely, executor of the estate of Gertrude Ely, deceased, and Mary S. VanKirk Pryal.

*Messrs. Collins & Corbin (Mr. Robert J. Bain,* of counsel), for the defendants-appellants Hazel Herbert Mann, Clyde H. Mann, Agnes Herbert Krull, Mary Herbert Krull and Frank Krull.

*Mr. Mark A. Sullivan,* for the defendants-appellants Paul P. Herbert and Ora E. Herbert.

*Mr. Edwin P. Longstreet,* for the defendant-appellant Methodist Home for the Aged of New Jersey at Ocean Grove.

*Messrs. Lindabury, Steelman, Zink & Lafferty (Mr. Andrew J. Steelman,* of counsel, *Mr. William Rowe,* on the brief), for the defendants-appellants, trustees of Rutgers College in New Jersey and The Women's College, a subsidiary of Rutgers College.

PER CURIAM.

This appeal had to do with construction of the will and codicil of Jean R. Herbert, deceased.

The decree under review will be affirmed, for reasons, in the main, expressed in the excellent opinion of Vice-Chancellor Berry, reported in *131 N. J. Eq. 330.* This court unanimously concurs in the view that Kate Herbert Kelly, sister of the testatrix, took a life estate in the residue of the estate, under the fourteenth paragraph of the will.

In the construction given to the codicil (which had to do only with the residuary estate) we agree with the learned Vice-Chancellor that John W. Herbert (since deceased), a brother of the testatrix, was, under the circumstances, *i. e.,* the condition under which the residue was to be divided into twenty parts and which failed, entitled to the entire residue upon the death of Kate Herbert Kelly, who enjoyed a life estate therein.

As the court below pointed out, the law "abhors intestacy" and that the testatrix intended that intestacy should not result as to the residue of her estate admits of no doubt. It will be noticed that in the contingent disposition of the residue (*Vide 131 N. J. Eq. 333*) the testatrix provided "it is my wish that my estate be divided into twenty (20) equal parts and given," &c. Then follow gifts of only eight-twentieths of the residue to certain individuals and institutions and those were conditioned upon the prior death of her sister, Kate, which did not happen, to whom a life estate in the residue had been given by the will proper. After this contingent disposition of the eight-twentieths we find general language—"I give and bequeath to my brother, John W. Herbert, all the rest, residue and remainder of my real and personal estate." This provision is by separate paragraph of

the codicil which is more deeply indented than the four subparagraphs of the codicil disposing of the said eight-twentieths of the residue. This we construe as significant. If the residuary bequest to John was also to be conditioned on the death of Kate prior to the testatrix, and limited to the remaining shares, the normal thing to have done would be to have allotted to John the balance or twelve-twentieths of the residue. The testatrix had been specific about the eight-twentieths. But the change in form of expression, *i. e.,* "give and bequeath," and the change in indentation, indicate a realization of the double effect of the residuary clause as written, that is, that John would receive twelve-twentieths of residue if Kate predeceased the testatrix and, if she did not, the whole of the residue after Kate's life estate.

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—None.

*For modification*—PARKER, J. 1.