36 N.J. Super. 29 (1955)
114 A.2d 742
IN THE MATTER OF THE ESTATE OF ARTHUR DEVRIES, DECEASED.
RUDOLF DEVRIES, INDIVIDUALLY AND AS SURVIVING TRUSTEE OF THE ESTATE OF ARTHUR DEVRIES, DECEASED, PLAINTIFF-RESPONDENT,
v.
MARGARET DEVRIES WHITE, INDIVIDUALLY, AND AS GUARDIAN AD LITEM OF THE UNKNOWN HEIRS OF MARGARET DEVRIES WHITE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1955.
Decided June 9, 1955.
*30 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Edward F. Merrey, Jr., argued the cause for plaintiff-respondent (Messrs. Merrey & Merrey, attorneys).
Mr. Archibald Kreiger argued the cause for defendant-appellant (Messrs. Duffy & Ruggiero, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The sole issue here is as to the construction of the terms of a trust under a will. Testator died in 1927, survived by his wife Elly, their son Rudolf then 15, and their daughter Margaret then 11. In 1954 Elly died, 12 years after Rudolf had reached 30. The issue is this: what portion of the principal of the trust in the trustee's hands on Elly's death was payable to Rudolf  one-half, Rudolf claims and the court below held, or only one-quarter, as Margaret, the appellant, claims.
We are concerned in this case, not with extrinsic evidence, but with the words of the will, in particular the following:
"In the event that my wife is living when my son Rudolf, reaches the age of thirty years, then my trustees or trustee are directed to *31 pay to my son Rudolf one-third of the principal of the entire trust fund, together with such share of the accumulated income that my son Rudolf would be entitled to at said time, and the balance of the trust fund to be retained by my trustees for the purpose of paying to my wife, and to my daughter, Margaret, one-half each of the income from said trust fund during the remainder of the lives of my wife and my daughter, Margaret.
In the event of the death of my wife after my son Rudolf reaches the age of thirty years, and upon the death of my wife, I direct my trustees or trustee to pay to my son Rudolf, one-half the principal of said trust fund, together with one-half of the share of the accumulated income which my wife had been receiving at the time of her death, and the remaining one-half of said entire trust fund then in the hands of my trustees to be held in trust for the purpose of paying the income from said portion of said trust fund to my daughter, Margaret, during the remainder of the life of my said daughter, Margaret, and upon her death the balance of the principal of said trust fund in the hands of said trustees to be paid to the heirs of my daughter, Margaret." (Italics added)
The critical words appear near the beginning of the second paragraph quoted:
"I direct my trustees or trustee to pay to my son Rudolf, one-half the principal of said trust fund."
The phrase "said trust fund" carries one back to the very same phrase appearing near the close of the first paragraph quoted; there it clearly has reference to the amount of corpus remaining after paying Rudolf one-third. This, we conclude, fixes the significance of that phrase at the locus in question.
However the trial court then seemed to have felt bound to look no further into the will. Accordingly, construing the critical words, it held Rudolf was entitled on his mother's death to 1/2 of the corpus of the trust as it then stood. This would give him, as Margaret puts it, a total of two-thirds of the entire corpus.
The trial court's notion was that a portion of a will is to be construed with reference to the remainder only where, standing off by itself, it is ambiguous. But the law is otherwise. Indeed it is one of the postulates of this subject  declared by Chief Justice Gummere to be "the cardinal and *32 predominant principle"  that "the purpose of the testator" must be sought "from all parts and provisions of the instrument considered together." Shannon v. Ryan, 91 N.J. Eq. 491, 494, 495 (E. & A. 1920). The same thought, variously stated, will be found in a host of cases, e.g., In re Goldfaden's Estate, 7 N.J. 450, 455 (1951); Pilgrim v. Vandemark, 135 N.J. Eq. 469, 472 (E. & A. 1944); Bankers Trust Co. v. New York, etc., Animals, 23 N.J. Super. 170, 182 (App. Div. 1952)  one section of a will is "not to be considered in a vacuum." In fact Gulick v. Gulick's Executors, 27 N.J. Eq. 498, 501 (E. & A. 1875), relied upon by the trial court, is in accord.
On looking at the will as a whole, one is immediately taken with the idea that the testator may have intended something other than what he said in the provision at issue. Thus in the first paragraph above quoted, Rudolf is given at 30 "one-third of the principal of the entire trust fund." Later, in the second paragraph quoted, there is set aside for Margaret and her heirs at her mother's death
"the remaining one-half of said entire trust fund then in the hands of my trustees."
In construing the word "entire" in this latter clause we are obliged to submit to one of these alternatives: we may look upon the word as of little significance or strike it as error; or we may conclude that the draftsman of the will has made an error in mathematics  for the will purports to give one-third of the entire trust to Rudolf at 30, and (what amounts to) another one-third thereof at his mother's death, and then sets aside one-half thereof for Margaret and her heirs. Quite apparently in our view  at any event we think it will become apparent as the argument progresses  the word "entire" here is neither surplusage nor error, but on the contrary is a word of very substantial import. It lends much support to Margaret's contention that Rudolf is entitled, not to one-half, but only to one-quarter of the corpus in the trustee's hands on her mother's death.
*33 The word "then" in the phrase "the remaining one-half of said entire trust fund then in the hands of my trustees" does not stand in the way of Margaret's argument. It may be said to have reference to the next preceding word expressive of time, viz., the word "remaining"  or, to have general reference to the time following the two payments of corpus directed to be made in Rudolf's favor. At any event we think it does not allude to the time of Elly's death.
Looking further into the will, we find two other provisions of the will lending substance to Margaret's position. Under one of them Rudolf at his mother's death was given certain accumulated income, in these words:
"* * * together with one-half of the share of the accumulated income which my wife had been receiving at the time of her death" (further, see quotation above).
It would seem utterly incongruous for the testator to give Rudolf only one-half of the accumulated income his mother would have had if living, and at the same time to give him all the principal that had been supporting her share of the income. But even more significant is the draftsman's assumption that the other half share of this accumulated income need not be mentioned; he seems to have thought it would go to Margaret by virtue of her life interest in "the remaining one-half of said entire trust fund." In other words it may be taken from the omission of any provision as to this other one-half of the accumulated income that the share of principal set aside for Margaret and her heirs was to include one-half of the principal that had been supporting her mother's income. (As to the significance of the words "accumulated income," see Commercial Trust Co. of New Jersey v. Spiegelberg, 117 N.J. Eq. 171 (Ch. 1934), affirmed Commercial Trust Co. of New Jersey v. Mason, 119 N.J. Eq. 376 (E. & A. 1936); Lippincott v. Ridgway, 11 N.J. Eq. 526 (Ch. 1858); Lewis v. Towar, 45 A. 999 (Ch. 1900); Titsworth v. Titsworth, 107 N.J. Eq. 436, 441 (Ch. 1931); Barrett v. Barrett, 134 N.J. Eq. 138, 151 (Ch. 1943)).
*34 Another provision in the will indicating that Rudolf was to have, all told, only one-half of the "entire trust fund," appears in a prior paragraph of the instrument:
"In the event of the death of my wife, before my son Rudolf reaches the age of thirty years [provision is made as to the income] * * *; and upon my son, Rudolf, reaching the age of thirty years, then my trustees or trustee shall be directed to pay to my son, Rudolf, one-half of the principal of the trust fund then held by my trustees or trustee at said time, together with one-half the accumulated income that my wife would be entitled to at said time, and the balance of one-half of said trust fund then in the hands of my trustees or trustee to be retained by trustees or trustee for the purpose of paying the income thereof to my daughter, Margaret during the remainder of her life."
There is a parallelism of language in certain respects between this paragraph and the one in issue; and so the fact that the word entire appears only in the latter paragraph indicates that the draftsman there made use of the word for some purpose. But that is a small matter. Of more significance is the inexplicable incongruity of a gift to Rudolf of only one-half of the entire trust if his mother died before he reached 30, and two-thirds of it if she died thereafter. Besides the trust for Margaret increases or decreases proportionately depending on Rudolf's age at his mother's death.
We notice, too, that certain provisions of the will as to income, which we have not quoted, furnish some small support to Margaret's position, for in them she and Rudolf are dealt with on terms of equality.
We will not stop to consider other conceivable constructions of the critical words, not argued by the parties and of less merit than those presented. We may brush aside, too, any notion that certain provisions of the will are so obscure as to be meaningless and void; this would be a last resort to which we would turn only on the failure of every attempt to render the provisions effective. Arenofsky v. Arenofsky, 29 N.J. Super. 209, 217 (App. Div. 1954); Den ex dem. Micheau v. Crawford, 8 N.J.L. 90, 97 (Sup. Ct. 1825).
*35 We are obliged, therefore, to make a choice between the two constructions mentioned.
Is Rudolf entitled to two-thirds of the corpus of the entire trust  one-third at 30 and a second one-third at his mother's death? If so, as stated, we must strike the word "entire" from the provision set up for Margaret and her heirs.
Or was there a mistake on the draftsman's part; did he really intend Rudolf to receive at his mother's death only one-quarter of the amount constituting the principal of the trust? If so, we must substitute one-quarter for one-half in the crucial clause in the will.
There is a large body of cases in this State authorizing the court to correct the words of a will so as to substitute one word for another, or to strike a word, where necessary to give effect to the clear intent of the testator. Herbert v. Central Hanover Bank & Trust Co., 131 N.J. Eq. 330, 337 (Ch. 1942), affirmed 132 N.J. Eq. 445 (E. & A. 1942); Creveling's Ex'rs v. Jones, 21 N.J.L. 573, 575 (E. & A. 1845); Barrett v. Barrett, 134 N.J. Eq. 138, 148 (Ch. 1943) collecting cases; Camden Trust Co. v. Birch, 131 N.J. Eq. 542, 546 (Ch. 1942); Rowe v. Rowe, 113 N.J. Eq. 344, 349 (Ch. 1933); City Bank Farmers Trust Co. v. Hentz, 107 N.J. Eq. 283, 294 (Ch. 1930); Swetland v. Swetland, 100 N.J. Eq. 196, 207 (Ch. 1926), see 102 N.J. Eq. 294 (E. & A. 1928); Den ex dem. Nelson v. Combs, 18 N.J.L. 27, 38 (Sup. Ct. 1840); see 33 Harv. L. Rev. 556, 560 (1920); 69 C.J. 82; 57 Am. Jur. 750; 2 Page, Wills (3rd ed.), § 937; Jarman's Rules of Construction, Rule XIX and XX, 3 Jarman on Wills 2071 (8th ed. 1951), 2071. See further Russell v. Russell, 16 N.J. Super. 589 (App. Div. 1951); Bottomley v. Bottomley, 134 N.J. Eq. 279, 291 (Ch. 1944); Patterson v. Read, 42 N.J. Eq. 146, 149 (Ch. 1886); Van Houten's Ex'rs v. Pennington, 8 N.J. Eq. 745, 749 (E. & A. 1852).
But this is an authority to be exercised only with the greatest of caution. Can we say that either construction above set forth represents with clarity the testator's intention? We hardly think so. However the situation presented is not *36 the one contemplated by these cases. Here we are driven by the constructions stated, into rejecting the will either at one point or at another, either by striking the word "entire" or by changing one-half to one-quarter. In such a juncture we think clarity is not required.
It may be said that it is easier to strike an adjective of somewhat dubious weight (the word "entire") than both to strike a term (one-half) of a sort which stands out in a will, and also to write in another like term (one-quarter). Nevertheless  assuming all this to be so  we find ourselves with a solid conviction that the words of the will indicate an intention on the testator's part to give Rudolf at his mother's death but one-quarter of the amount constituting the principal of the trust. This, we feel confident, comports with the predominant idea in the testator's mind as revealed by the will; and that idea, if it properly appears before the court, is to be heeded as against all doubtful provisions standing in its way. Hudson Trust Co. v. de Malignon, 140 N.J. Eq. 167, 170 (E. & A. 1947), and cases cited.
Reversed.