The Executors of Daniel Skellenger, deceased,

*v.*

The Executor of Hannah Skellenger, deceased, and others.

1. It is a settled doctrine of equity jurisprudence, that where personal estate is given by will to a trustee, upon certain trusts, and the purposes of the trust do not exhaust the whole estate, or the trusts fail, the trustee shall not take the surplus for his own benefit, unless such appears to have been the intention of the testator, but a trust will result in favor of those who are entitled under the statute of distribution as the next of kin of the testator.

43

2. Equitable es'ates are treated in equity as legal estates, and are held to be subject to the same incidents, properties and consequences that similar legal estates are at law.

3. In cases of partial intestacy, both the next of kin and the widow take under the statute of distribution, and one cannot acquire a right to distribution unless the other does, also.

4. In cases of partial intestacy, the persons entitled to distribution take, not in pursuance of the intention of the testator, but by force of law, and regardless of what his intentions may have been.

5. The widow is entitled to participate in the distribution of that part of a testator's estate as to which he dies intestate.

On final hearing on bill, answers and proofs.

*Mr. Alfred Mills,* for complainants.

*Mr. George T. Wert* and *Mr. George W. Forsyth,* for the next of kin.

*Mr. Edward C. Lyon,* for the executor of Hannah Skellenger, deceased.

THE VICE-CHANCELLOR.

This is a bill for direction. The complainants, as the executors of Daniel Skellenger, deceased, ask direction as to what they shall do with certain moneys belonging to their testator, not disposed of by his will. His estate consisted entirely of personalty. By his will, he first gave all his estate to his wife, except his moneys and securities for the payment of money, and then gave all the residue of his estate to his executors, "to have and to hold upon and subject to the following trusts, to wit: upon trust to invest the same at interest, on good security, and the interest and income thereof, after payment of taxes and expenses attending investments, annually to pay to his (my) wife during her natural life," and, within six months after her death, to pay from and out of the residue so directed to be invested upon trust, several pecuniary legacies of fixed amounts.

No other or further disposition of the residue is made. The testator's widow survived him. They never had a child. The widow is now dead. She left a will. The complainants, after paying all the legacies directed to be paid, have still in hand over $1,700. The will makes no disposition of the beneficial interest in this sum. The legal title to it was given to the complainants to enable them to perform certain trusts, but, the trusts having been fully performed without it, the question arises, What shall be done with it, or who is entitled to it?

There are three different claimants: first, the executors, who claim the whole to the exclusion of all others; second, the next of kin of the testator, who also claim the whole in exclusion of the executors, and likewise to the exclusion of the representative of the widow, and, third, the representative of the widow, who claims a moiety of the fund.

At common law, an executor, by virtue of his appointment, is entitled to the whole of the personal estate, and if, after the payment of debts and legacies, any surplus remains, it vests in him beneficially. *2 Wms. on Ex'rs 1475, marg. note.* But this rule has never prevailed in the United States. On the contrary, it has uniformly been held in this country, that if any part of the personal estate happens to be undisposed of by the will, the executor takes it, as trustee for those who are entitled under the statute of distribution. *1 Perry on Trusts § 155; Story's Eq. Juris. § 1208.*

No doctrine of equity jurisprudence is more firmly established than that, where personal estate is given by will to a trustee, upon certain trusts, and the purposes of the trust do not exhaust the whole estate, or the trusts fail, either in whole or in part, by lapse or otherwise, the trustee shall not take the surplus for his own benefit, unless such appears to have been the intention of the testator, but a trust results in favor of those who are entitled under the statute of distribution as the next of kin of the testator. *Hill on Trustees 113, marg. note; 1 Perry on Trusts § 152; 2 Wms. on*

*Ex'rs 1475, marg. note.* Where the gift is made to the donee as trustee, or in trust, without any words indicating an intention to confer a beneficial interest upon him, the form of the gift will be considered conclusive against his right to take for his own benefit. *Hill on Trustees 114, marg. note; 1 Perry on Trusts* § *158.* These authorities dispose of the claim of the complainants.

Technically, the testator did not die intestate as to any part of his estate. He gave the legal title of the whole to his executors. They would have taken it anyhow, in virtue of their office, if the will had contained no express gift to them. But he did die intestate as to the beneficial interest in this fund. No disposition was made of that. This interest is an equitable estate, and, as such, is entitled, in equity, to be considered, to all intents and purposes, as a legal estate. Such estates, in equity, are subject to the same incidents, properties and consequences that similar legal estates are at law, and are transmissible in the same manner. *Cushing* v. *Blake, 3 Stew. Eq. 695.* The income of this fund passed by the will, but no beneficial interest in the *corpus* itself. As to that the will is silent and inoperative, and it therefore stood, on the testator's death, in exactly the same condition that it would if he had left no will. As to that, it must be declared, as a matter of law, that he had no will.

This being so, it would seem to follow, as a necessary sequence, that the widow was entitled to participate in its distribution. As a general rule, the right of the distributees vests immediately on the death of the intestate. But it is contended that our statute was intended to regulate distribution only in cases of total intestacy, and has no application to a case of partial intestacy. This argument, however, proves too much, for, if sound, it will exclude the next of kin quite as effectually as the widow. The right of distribution is not a common law right, but depends upon statute. Originally the ordinary took the whole surplus for pious uses. To cure this wrong, parliament took away

the right of the ordinary, and gave it, by statute, to the widow and next of kin. They hold under the same grant, and one cannot take unless the other does, also. In the words of Chief Justice Shaw, uttered in a case identical in all material points with the one under consideration, " the same provision in the statute of distribution which gives property not disposed of by will, where there is a will, to the next of kin, gives a distributive share to the widow." *Nickerson* v. *Bowly, 8 Metc. (Mass.) 430.*

It is also insisted, that the widow should not be permitted to take any part of this fund, because it is apparent, upon the face of the will, that the testator intended she should not. This intention, it is said, must be inferred from the fact that he gave her the use of the whole during her life, and he could not, therefore, have intended that she should take a part absolutely. In other words, having given her a part by express words, it must necessarily be inferred that he did not intend she should have any more. This argument, it will be observed, proceeds upon the assumption that the right of distribution is to be regulated by the intention of the testator. But this, I think, is a mistake. The intention of the testator is to govern only so far as he has declared it by his will. With regard to that part of his property which his will did not pass, it must be declared he had no will, and therefore the court cannot know his intention concerning it. The next of kin cannot take until intestacy is found, and then they take, not in pursuance of the testator's intention, but by force of law, regardless of what his intentions were. Upon this point, Chief Justice Shaw, in the case already cited, says : " If it were thought important to inquire into the intent of the deceased, when he has made a will, but left property undisposed of, either in terms or by implication, as every man is presumed to know the law, it may reasonably be inferred as his intention that the residue should be disposed of according to law."

The rule upon this subject is settled. It has recently been adjudged by this court, that where a testator dies

intestate as to part of his estate, in consequence of the lapsing of a legacy, his widow is entitled to a distributive share of it, though she had accepted the provision made for her in lieu of dower, by the will. *Handy* v. *Marcy, 1 Stew. Eq. 59.* The other pertinent authorities are *Davers* v. *Dewes, 3 P. Wms. 40; Dicks* v. *Lambert, 4 Ves. 725; Oldham* v. *Carleton, 2 Cox 399; Ex parte Kempton, 23 Pick. 163; Dale* v. *Johnson, 3 Allen 364.*

The decree will direct the complainants to pay one moiety of the fund to the representative of the widow, and the other to the next of kin of the testator.