The bill is by Emma H. Danker (formerly Dickson), a daughter of Thomas Dickson, deceased, and prays construction of the residuary clause in the will of Thomas Dickson, and for cancellation of a mortgage made by complainant to Luella Dickson, executrix of the estate of Thomas Dickson, deceased. All parties in interest are before the court.
After directing the payment of debts, the testator devises and bequeaths the residue of his estate to his executors, Luella Dickson and Levi E. Hart, in trust, to sell and dispose of the same and to pay one-third of the proceeds thus arising to his wife, Luella Dickson; one-third to his daughter, Emma H. Dickson; $300 to a grandson, Thomas Dickson, and $100 each to two daughters, Jane Cooper and Helen Freeman. The clause in question and under construction then follows, and reads: *Page 284 
"And to invest the balance at interest, and to pay the interest or income one-half thereof to my wife, Luelle Dickson, during her lifetime or while she remains my widow, and after her death or remarriage the same to go to my daughter, Emma H. Dickson. And to pay to my daughter, Emma H. Dickson, the other one-half of the interest or income on the investment.
"I make no provision in my will for my three sons, John Dickson, Andrew Dickson and Alexander Dickson, as I have already helped them."
Levi E. Hart died in the year 1924, and Luella Dickson died August 27th, 1930. The executors were given power of sale under the will, and on February 17th, 1925, Luella Dickson, the surviving executrix, under the power granted in the will conveyed premises described in the bill of complaint to Emma H. Danker, the complainant, and as part of the consideration for the deed, complainant executed a mortgage for $3,333.34 to Luella Dickson as executrix. This mortgage was subsequently canceled, and on May 13th, 1925, the executrix exhibited her account to the Union county orphans court which was allowed and settled showing a balance to be distributed under the residuary clause of the will in the sum of $8,572.51. The legacies were paid and the balance invested in a mortgage which complainant and her husband, Henry, executed in the sum of $2,857.50 to the executrix, Luella Dickson, which mortgage is dated February 17th, 1925, and recorded in book 710 of mortgages, page 524, for Union county. The balance of the estate being represented in the mortgage aforesaid, complainant who claims to be entitled thereto under the clause in question, now prays cancellation of the mortgage.
The will provides for all those persons who would naturally share in testator's estate. Preference is given to the widow and daughter, who, the testimony discloses, assisted in creating his estate. In the last paragraph of the will the testator says, "I make no provision in my will for my three sons, * * * as I have already helped them." The defendant-sons now insist that the testator died intestate as to the corpus of the trust fund created by his will. If such a construction were to be given, the three sons or their representatives would take under his will contrary to his expressed intention. *Page 285 
In the construction of doubtful clauses in a will, that interpretation is to be adopted if possible which avoids a partial intestacy, unless it clearly appears that the testator intended to die intestate as to part of his property. The presumption against an intestacy is particularly strong where the subject of the gift is the residuary estate. 28 R.C.L. 227,228. In the clause in question, the testator by express language makes no provision for his sons for the reason therein mentioned. He bequeaths to complainant one-half of the interest or income of the trust fund, and the remaining one-half to his wife on whose death or remarriage the same is to go to complainant without limitation as to continuance, or without limit as to time, and the bequest will, therefore, under the well established rule of construction be held to pass the fund itself. Bishop v.McClelland's Exrs., 44 N.J. Eq. 450; Passman v. GuaranteeTrust and Safe Deposit Co., 57 N.J. Eq. 273; National Newark andEssex Banking Co. v. Arthur Sunshine Home and Kindergarten forBlind Babies, 113 N.J. Eq. 313.
On the twenty-third day of February, 1933, substitutionary letters of administration with the will annexed of Thomas Dickson, deceased, were duly issued by the surrogate of the county of Union to Barbara J. Epps.
Complainant being entitled to the balance of the residuary estate now represented in the mortgage executed by her and sought to be canceled, Barbara J. Epps, the substituted administratrix with the will annexed of the estate of Thomas Dickson, will be decreed to cancel same of record. *Page 286