Francis Leon Chrisman died in 1934, leaving a will whereby he gave and devised the residue of his estate to his widow and the First National Bank and Trust Company of Montclair, in trust to pay the net income to his widow so long as she should live.
"Upon the death of my wife, Carrie L. Chrisman, I direct that my residuary estate shall continue to be held in trust by my trustees, to be divided among and paid over to such grandchildren of mine as shall be living at the time of my death, and shall live to attain the age of twenty-five years, each grandchild to receive the income from his or her share after attaining the age of twenty-one years, and the principal when he or she attains the age of twenty-five years.
"In the event of the death of any of my grandchildren surviving me before attaining the age of twenty-five years, the share of such deceased grandchild shall be divided among the surviving grandchildren.
"If there are no grandchildren surviving me, then I give, devise and bequeath my residuary estate, after the death of my wife, to the Trustees of Cornell University, Ithaca, New York, absolutely." *Page 180 
Testator was survived by his widow and by three grandchildren who had been born in his lifetime. The widow departed this life November 25th, 1940. The grandchildren range in age from 10 to 14 years. What disposition shall be made of the income accruing between the death of the widow and the coming of age of the grandchildren?
A bequest to take effect at some time after testator's death, whether contingent or vested, does not carry the prior income, unless the recipient is a child of testator or is one to whom the testator stands in locus parenti, Weatherly v. Kier, 38 N.J. Eq. 87; Davis v. Davis, 39 N.J. Eq. 13, or unless it be a residuary bequest. But a future gift of the residue, or a fraction thereof, though contingent in its terms, includes all prior income not otherwise disposed of. Bye v. Strasbourg,102 N.J. Eq. 300; Trevanion v. Vivian, 2 Ves. 430; 28 Eng. R. 274;Genery v. Fitzgerald, Jac. 468; 37 Eng. R. 927; Bective v.Hodgson, 10 H.L. Cas. 656; 11 Eng. R. 1181; 1 Jarm. Wills 614.
The rule applies both to equitable and legal estates, whether testator gives the residue directly to the beneficiary or interposes a trustee. Skellinger's Ex'rs v. Skellinger's Ex'r,32 N.J. Eq. 659. If there were no more to the will before me than the direction to pay the widow the income of the residue for life and to divide the residuary estate among such grandchildren as shall live to the age of 25 years, it would be clear that the income after the death of the widow should be added to thecorpus and distributed as parcel thereof. But there is the further direction, "Each grandchild to receive the income from his or her share after attaining the age of 21 years." Testator intended that a grandchild, while under 21, should not receive income, but this does not indicate that he intended that a grandchild, upon reaching 21, should then be paid the income collected in prior years. And the absence of a particular disposition of the income accruing after the death of the widow until the grandchildren severally reach their majority, does not result in partial intestacy. The income must be accumulated and added to corpus to be divided as a part of the residue of the estate among such grandchildren as attain age 25.
The greater part of the estate consists of shares of stock *Page 181 
of Union Special Machine Company of Chicago. Ordinarily the trustee would be directed to sell most of these shares in order to diversify investments. In re Ward, 121 N.J. Eq. 555, 606.
But circumstances forbid. The stock has a book value of about $150, earns around $20 per share, and pays dividends of 16 per cent. or so a year. But there is no market for the stock. It is unlikely that the trustee could sell at better than $50 or $75 a share. At such prices, the sacrifice would be too great.
On December 23d 1940, the trustee received on the stock of this company a regular quarterly dividend of $2,416 and a "year-end dividend" of $12,888. They had been declared by the directors December 19th, twenty-four days after the death of the life beneficiary. The question is, what part of these dividends is payable to her estate? Both dividends were made out of current earnings. The quarterly dividend presumably was earned day by day through the three months preceding the date of declaration, and the other dividend throughout one year ending the same date. Both dividends will be so apportioned that the estate of the widow will receive the part which was earned in her lifetime. Hewitt
v. Hewitt, 113 N.J. Eq. 299; Graves v. Graves, 115 N.J. Eq. 547; Bankers Trust Co. v. Lobdell, 116 N.J. Eq. 363. *Page 182