The complainant as trustee encounters some diversity of opinion concerning its fiduciary duty, now imminent, in the administration of the testamentary trust originated by one Jay D. Wagner, deceased. The parties asserting a beneficial interest in the trust unite with the complainant in soliciting the instructions of this court.
The solution of the problem contemplates a determination of the legitimate and justifiable construction of the thirteenth and fourteenth articles of the testator's will, which are here transcribed:
"Thirteenth: All the rest residue and remainder of my estate I direct my executors to hold in trust and invest for the benefit of and the income to be divided into four equal portions and paid share and share alike annually to the following named persons one portion to Mary Grace Cutler, 50 Myrtle Avenue, Newark, New Jersey, one portion to Bell C. Vosburgh, Palatine Bridge Montgomery Co. New York, one portion to George Olds Wagner, Kingston, Ontario, for the period of their natural lives, one portion to be divided share and share alike between the three children of Jane and the late Frank B. Gordinier this last named benefit to terminate when the youngest child Pearson Wood Gordinier reaches the age of twenty one years; whenever any of the beneficiaries under this trust shall pass from this life, the income from the fund shall be divided and paid share and share alike to the survivors of said trust and upon Pearson Wood Gordinier arriving at the age of twenty-one years the portion last named shall be administered for the benefit of the survivors of the trust other than the Gordinier children.
"Fourteenth: Upon the demise of the last beneficiary named in this trust, the residue and remainder of the fund is devised and bequeathed to the J.C. French Industrial Home No. 51 Plane Street Newark, New Jersey."
The uncertainties in the prospective administration or distribution of the trust fund have been occasioned by the occurrence *Page 314 
of certain events, to which some brief reference must be made. The testator died on December 10th, 1917. The three life tenants are now deceased. Mary Grace Cutler died on February 11th, 1934, Bell C. Vosburgh on November 20th, 1940, and George Olds Wagner on February 18th, 1942. Of the three children of Jane and Frank B. Gordinier, Helen J. Gordinier died on November 2d 1918, and Julia Gordinier Rienzi and Pearson Wood Gordinier are living. It is significant to note that Pearson Wood Gordinier arrived at the age of twenty-one years on February 18th, 1926.
Counsel for reasons of expediency have in their briefs referred to Mary Grace Cutler, Bell C. Vosburgh, and George Olds Wagner as the "life beneficiaries," and to the three children of Jane and the late Frank B. Gordinier as the "fourth group." For like reasons I shall borrow their designations in the composition of this memorandum of my conclusions.
Stated laconically, it is proposed on behalf of the next of kin of the deceased that in consequence of the arrival of Pearson Wood Gordinier at the age of twenty-one years, which event terminated the beneficial interests of the group in the trust, and because of the deaths of all of the life tenants, there is no testamentary disposition of the income presently derived from thecorpus of the trust, and that according to the law of intestacy, the income thus accruing is distributable ad interim
to the next of kin of the deceased testator. It is necessary to state that such an insistence also rests upon the premise that the ultimate beneficiary in remainder, J.C. French Industrial Home, is not entitled to the beneficial enjoyment of the trust until "the demise of the last beneficiary named," as expressed in the fourteenth article of the testator's will, and that "the demise of the last beneficiary named" means the death of the last survivor of the children of Jane and Frank B. Gordinier.
The rationalism thus advocated in the interest of the next of kin suffers from two noticeable infirmities. First, it is observed that the testator by the employment of the residuary clauses has manifested the intention to make a testamentary disposition of every splinter of his estate. If it were to be assumed that the beneficial enjoyment of the residue in remainder *Page 315 
is postponed until the occurrence of the future event, I am not persuaded that upon that hypothesis the next of kin would be legally entitled to receive the intermediate income. I would suppose that because of the residuary bequest of a vested remainder, a failure to particularly bestow the income accruing during the interval would not create any partial intestacy and that in such circumstances the income should be accumulated and added to the corpus bequeathed to the ultimate residuary legatee. Cf. Chrisman v. Cornell University, 132 N.J. Eq. 178;27 Atl. Rep. 2d 627; Herbert v. Central Hanover Bank andTrust Co., 131 N.J. Eq. 330; 25 Atl. Rep. 2d 7; affirmed,132 N.J. Eq. 445; 28 Atl. Rep. 2d 544. Every intendment should be taken against intestacy, and the resistance against a partial intestacy is particularly forcible where the subject of the gift is the residuary estate. Danker v. Cooper, 114 N.J. Eq. 283; 168 Atl. Rep. 640; Barrett v. Barrett, 134 N.J. Eq. 138; 34 Atl. Rep. 2d 579. For reasons presently to be stated, I am not obliged to adjudicate that angle of the present dispute.
Secondly, a circumspect and considerate examination of the will in quest of the intent of the testator does not warrant the interpretation sought to be saddled upon it by the next of kin. In general, precedents are of a somewhat limited value in the solution of questions requiring the interpretation or construction of testamentary provisions, since each such provision so often presents an individual problem. The effort, of course, is to discover the reasonably presumable intent and purpose of the testator. The cardinal rule is to ascertain and effectuate the real intention of the testator in whatever diction it is expressed. 33 N.J. Atl. Dig., Key No. 439.
In the present case, the will is in the personal handwriting of the testator. If one follows reflectively the trail of the testator's words, it is not difficult to trace the thoughts and ideas that guided his pen. He had written, "this last named benefit to terminate when the youngest child Pearson Wood Gordinier reaches the age of twenty-one years." Assuredly he intended that the specified event should conclude the payment *Page 316 
of benefits to the three children. Thereafter the members of that group would not be "beneficiaries," or so regarded. The testator continued: "upon Pearson Wood Gordinier arriving at the age of twenty-one years the portion last named shall be administered for the benefit of the survivors of the trust other than theGordinier children." (Italics mine.) It is evident that in his contemplation of the future, the testator expected that at the time Pearson attained his majority, one or more of the life tenants would be living. He chose to denominate the life tenants then surviving as "the survivors of the trust." Thus, as he envisaged the future in the preparation of his will, the life tenants surviving the termination of the bequest to the group were to be the last in order of succession of the beneficiaries of the income.
What then is the sequence? The testator next directs that "upon the demise of the last beneficiary named in this trust," the residue and remainder of the fund shall be transmitted to the Industrial Home. The beneficiaries to whom he had last referred in the composition of his will and the beneficiaries whom he obviously anticipated would be the last to receive benefits from the active administration of the trust were "the survivors of the trust other than the Gordinier children."
To elaborate these deductions would seem to be superfluous. My conviction is that the testator did not intend that the Gordinier children should have any beneficial interest in the trust after the youngest became of age. He desired the fund to be thereafter maintained for the benefit of the life tenants until the death of the last surviving life beneficiary, whereupon the corpus and any increment should be transferred to the ultimate beneficiary of the residuary estate.
Accordingly it is resolved that upon the death of George Olds Wagner on February 18th, 1942, the defendant J.C. French Industrial Home, now styled "Goodwill Home and Rescue Mission," became entitled to the beneficial enjoyment of the corpus of the trust and hence, additionally, to the income thereafter derived from the fund, all subject of course to expenses of administration. The complainant is so instructed. Decree in conformity. *Page 317