See, also, 132 N.J. Eq. 178, 27 A.2d 627. *Page 487 
The plaintiffs, trustees under the last will and testament of Francis Leon Chrisman, filed a petition for advice respecting the division of the residuary estate of the decedent, and the defendants join in the prayer.
The pertinent clause of the will provides:
"6 — (d) I direct my said trustees, after setting aside the fund provided in the preceding clause of this will, to invest the remainder of my residuary estate and to keep the same invested in good and lawful securities, and pay over the net income arising therefrom to my wife, Carrie L. Chrisman, so long as she shall live, with the provision that in the event of her serious illness or other dire necessity my trustees may use such portion of the principal as they may deem necessary for her support and comfort.
"I further direct that my trustees shall pay from the said trust fund all the expenses of my wife's last illness and funeral.
"Upon the death of my wife, Carrie L. Chrisman, I direct that my residuary estate shall continue to be held in trust by my trustees, to be divided among and paid over to such grandchildren of mine as shall be living at the time of my death, and shall live to attain the age of twenty-five years, each grandchild to receive the income from his or her share after attaining the age of twenty-one years, and the principal when he or she attains the age of twenty-five years.
"In the event of the death of any of my grandchildren surviving me before attaining the age of twenty-five years, the share of such deceased grandchild shall be divided among the surviving grandchildren.
"If there are no grandchildren surviving me then I give, devise and bequeath my residuary estate, after the death of my wife to the Trustees of Cornell University, Ithaca, New York, absolutely."
The testator died on August 12, 1934 and his wife on November 25, 1940. At his death there were three grandchildren living. Subsequent to his death, a fourth grandchild was born, so that there were four grandchildren living at the time of the death of testator's widow. The question upon which advice is sought is whether the residuary estate should be divided among the three who were living at the death of the testator or among the four grandchildren living at the death of Mrs. Chrisman, when the division of the residuary estate was directed to take place.
Evidently the will is that of an intelligent man of substantial means and drawn by counsel. Subsequent to its execution it was examined, reviewed and altered by two codicils. It contains carefully considered trust provisions for the benefit of his *Page 489 
widow, grandchildren and contingent beneficiaries. It contains bequests to charitable, religious and educational institutions for worthy and highly commendable purposes. It bears all the earmarks of a will of a fine cultured gentleman who had given thoughtful consideration to the distribution of his estate among the objects of his bounty.
The directions for division and distribution are clear and unambiguous. They are not susceptible of misinterpretation. The testator said "Upon the death of my wife, Carrie L. Chrisman, I direct that my residuary estate shall continue to be held in trust by my trustees, to be divided among and paid over to such grandchildren of mine as shall be living at the time of my death."
The function of a court is to construe a will so as to give effect to the intention of the testator, but the court can not make a new will for him. Marshall's Exrs. v. Hadley,50 N.J. Eq. 547 (Ch. 1892); Swetland v. Swetland, 100 N.J. Eq. 196
(Ch. 1926); affirmed, 102 N.J. Eq. 294 (E. A. 1927);Kutschinski v. Sheffer, 109 N.J. Eq. 659 (E. A. 1931);March v. Norristown Penn Trust Co., 123 N.J. Eq. 282 (E. A. 1937); Herbert v. Central Hanover Bank Trust Co.,131 N.J. Eq. 330 (Ch. 1942), affirmed 132 N.J. Eq. 445 (E. A. 1942); Barrett v. Barrett, 134 N.J. Eq. 138 (Ch. 1943);Duane v. Stevens, 137 N.J. Eq. 329 (Ch. 1945).
To adopt defendants' contention and include in the division of the residuary estate the grandchild born subsequent to the death of the testator would necessitate a rephrasing of the will, a rewriting of the will, a substitution of the feminine pronoun for the masculine; thus, instead of "to be divided among and paid over to such grandchildren of mine as shall be living at the time of my death", "living at the time of her death." Had the testator intended to so divide his estate, he could have done so very simply. He did not direct distribution among all his grandchildren, but restricted it to such grandchildren as shall be "living at the time of my death."
One may reasonably infer that the confinement to grandchildren indicated and the exclusion of afterborn grandchildren is the result of an oversight. It is safe to conclude that had *Page 490 
the testator or his advisors thought of, or considered, or foreseen, that which occurred, the birth of a grandchild after testator's death and before the death of his widow, that he would probably have included him; but a court can not add beneficiaries, it cannot correct oversights or errors of a testator, nor make distribution which the testator might have directed but for such oversight. This is beyond judicial power. Beneficiaries may themselves voluntarily make such adjustments which a testator might have made, but a court may not direct or compel such action.
I am constrained to conclude that according to the will, the division of the residuary estate is limited to the grandchildren living at the time of testator's death.
Having reached this conclusion and all the grandchildren entitled to share in the residuary estate being alive, the consideration of the question whether the provision violates the rule against perpetuities discussed by the parties in their briefs, I consider moot. However, by way of dictum, I think the provision under the circumstances here involved does not violate the rule against perpetuities. Dusenberry v. Johnson,59 N.J. Eq. 336 (Ch. 1900); Trippe v. National Newark, c., BankingCo., 98 N.J. Eq. 462 (Ch. 1925), affirmed 100 N.J. Eq. 356
(E. A. 1926). Restatement, Property, sec. 258-259.