The bill of complaint in this case was filed for the purpose of obtaining the construction of the will of Charles Karcher who died December 2d 1931.
The will was admitted to probate by the surrogate of the County of Warren on January 5th, 1932, and letters testamentary were granted to Lizzie L. Karcher, the executrix named in said will. *Page 350 
The question involved pertains to the fifth paragraph of said will which reads as follows:
"All the rest, residue and remainder of my property, real, personal or mixed, I give, devise and bequeath unto my wife, Lizzie L. Karcher, for and during the period of her natural life, and at her death if any there remain I give, devise and bequeath the same unto my daughter, Mabel J. Karcher, but if the value of this residue and remainder left at the death of my wife, shall exceed the sum of Five Thousand Dollars ($5,000.00), I give and bequeath to my son, Walter M. Karcher the sum of One Thousand Dollars ($1,000.) in cash and ten shares of Ingersoll Rand Company Preferred Stock. In case of the death of the said Mabel J. Karcher before the death of my wife, Lizzie L. Karcher, I give, devise and bequeath to her child or children, if any, the same share that she would have received had she been living. If more than one child, share and share alike."
The matter is submitted on a stipulation of facts, the pleadings and briefs.
The facts are that Lizzie L. Karcher, the executrix and widow, took possession of all the assets of the estate during her lifetime and until her death which occurred on March 7th, 1945. Mabel J. Karcher, the complainant (the daughter of the testator), was, on May 13th, 1946, appointed administratrix cum testamentoannexo of the estate of her father, Charles Karcher.
The question involved is whether or not the gift to Walter M. Karcher vested on the death of the testator or whether it was contingent upon Walter M. Karcher surviving the widow and life tenant.
Walter M. Karcher survived the testator but predeceased the life tenant, Lizzie L. Karcher. Walter M. Karcher died intestate on or about May 8th, 1943, leaving him surviving his widow, Elizabeth Karcher, and a daughter, Elaine Karcher Doyno. Letters of administration upon his death were issued to Elizabeth Karcher on March 26th, 1946, by the surrogate of the County of Camden.
At the time of the death of Lizzie L. Karcher the value of the estate of Charles Karcher in the hands of the widow amounted to more than $5,000.
Defendants contend that the gift of $1,000 cash and ten shares of Ingersoll Rand Company preferred stock to Walter M. Karcher vested immediately on the death of his father, *Page 351 
Charles Karcher. The rule in this State is that in the absence of a clear intention by the testator to the contrary, a gift, subject to a life estate, vests on the death of the testator, and, where the language is doubtful, courts of this State prefer to construe a gift as vesting rather than contingent. See CamdenSafe Deposit Co., c., v. Scott, 121 N.J. Eq. 366.
In the present case, the real and personal property of the estate of Charles Karcher amounted to over $20,000 and at the death of the life tenant the value of the remainder of the estate was over $5,000. Testator made provision, under the paragraph above quoted, that in case of the death of his daughter, Mabel, before the death of his wife that the share left to the daughter should go to her children, if any, share and share alike. No such provision was made for the son, Walter, in case he should die before the life tenant.
In determining the question whether the gift is vested or contingent one must consider whether a future time or event concerns the gift itself or merely the payment of the gift. When the future payment is annexed to the substance of the gift, the vesting is postponed, but, if it is annexed to the time of payment only, the legacy vests immediately on the death of the testator. The result to be reached in this case must depend upon the words of the fifth paragraph above mentioned, as that appears to be the only paragraph which refers to that particular gift. See First National Bank of Bridgeport v. Somers (SupremeCourt of Errors of Connecticut), 137 Atl. Rep. 737.
I have reached the conclusion in this case from the rules above referred to and the facts under consideration, that the contingency here is annexed to the substance of the gift. The intent of the testator as expressed in the will was that the gift to the son was contingent upon the amount of the estate remaining after the death of the life tenant and, therefore, it did not vest until after the death of the life tenant, Lizzie L. Karcher. The amount of the residuary estate could not be determined in this case until after the death of the widow.
I have, therefore, concluded that the defendant, Elizabeth Karcher, and her daughter, Elaine Karcher Doyno, have no interest in the estate of Charles Karcher, deceased.
I shall advise a decree in accordance with this finding. *Page 352