BERTHA LEIDY CODY ET AL., PLAINTIFFS-APPELLANTS, v. ELSIE H. FITZGERALD ET AL., DEFENDANTS-RESPONDENTS.

Argued February 28, 1949—Decided April 25, 1949.

94

*Mr. Saul N. Schechter (Mr. Archie Roth,* on the brief) argued the cause for the appellants.

*Mr. Alfred W. Seiss* argued the cause for the respondents.

The opinion of the court was delivered by

ACKERSON, J.    This appeal involves the construction of the following paragraphs of the will of George W. Hawk who died on August 18, 1919:

"3. To my beloveth wife Charlotta Wolfe Hawk all rentals and income and use of all my Property on South Main Street town of Phillipsburg County of Warren State of New Jersey as long as she lives.

"4. At her deth [*sic*] the children shall have share and share alike."

The testator was survived by his widow, Charlotte W. Hawk, and two sons, Willis B. and Marshall Hawk, both of whom predeceased their mother, Charlotte.

Willis B. Hawk died intestate on April 12, 1924, leaving a widow, now Elsie H. Fitzgerald, and two daughters, Audrey Hawk, now Audrey C. Fields, and Elsie Hawk, now Elsie Orr, all of whom are the defendants herein.

Marshall Hawk died on February 10, 1944, leaving a will by which he gave all of his property to his mother, Charlotte W. Hawk, who died on March 6, 1947, leaving a will by which, after a few small gifts of money and specified articles of personal property, she gave the residue of her estate to Bertha Leidy Cody, Jennie Leidy, and Mary Woolf, wife of Garner Woolf, share and share alike. These residuary legatees of Charlotte W. Hawk, and the executors of her will, filed the present bill for the construction of George W. Hawk's will and are the appellants herein.

The sole question for solution is whether or not, under the above quoted paragraphs of his father's will, Marshall Hawk took a vested estate in remainder in the property thereby devised, in common with his brother Willis, immediately upon the testator's death, so that an undivided one-half thereof passed under Marshall's will to his mother, Charlotte W. Hawk, and by her will to her residuary legatees, the complainants herein.

The court below answered that question in the negative holding that Marshall Hawk, having predeceased his mother, was not seized of any interest in said real estate at the time of his death. It is from that part of the decree the present appeal is taken.

A vested remainder is defined as one to which there is a present fixed right to future enjoyment of property though that enjoyment be postponed until the expiration of a prior

estate. *Barrett v. Barrett,* 134 *N. J. Eq.* 138, 158 (*Ch.* 1943). A contingent remainder on the other hand, is one in which the person to take is not *in esse* or ascertained, or the event upon which enjoyment is to take place is uncertain, or both. It is the uncertainty of the right of enjoyment, and not the uncertainty of actual enjoyment, that renders a remainder contingent. *Kahn v. Rockhill,* 132 *N. J. Eq.* 188, 191 (*Ch.* 1942); affirmed, 133 *Id.* 300 (*E. & A.* 1943); *Hopper v. Gurtman,* 126 *N. J. L.* 263, 272 (*E. & A.* 1940); *King v. First National Bank of Morristown,* 135 *N. J. Eq.* 319, 322, 324 (*Ch.* 1944); *Restatement, Property (Future Interests),* § 157, *Comment on Clause (a)* : *f, p.* 546; 3 *Page on Wills,* § 1257, *p.* 679.

■ The policy of the law requires that legacies and devises in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested rather than contingent. *In re Buzby,* 94 *N. J. Eq.* 151, 153 (*E. & A.* 1922); *Simpkins v. Simpkins,* 131 *Id.* 227, 231 (*Ch.* 1942); *Haas v. Canton of Berne,* 140 *Id.* 240, 245 (*Ch.* 1947).

■■ While it is true that certain terms like "at," "when," "after," "on," etc., often connote the time or event upon which legacies are to vest, *Howell, Ex'r, v. Green, Adm'r,* 31 *N. J. L.* 570, 572 (*E. & A.* 1864), nevertheless it was determined in that case (and repeatedly thereafter) that where it appears from the entire will that the only reason for postponing the enjoyment of a gift is to let in some other interest, the gift is deemed presently vested—the ownership passes at once though the time of enjoyment is postponed. So it has become the settled rule that a devise of a remainder limited upon a particular precedent estate, determinable on an event which must necessarily happen, will be construed as vesting the remainder estate at the time of the death of the testator unless his will clearly indicates a contrary intention. *Post v. Herbert's Executors,* 27 *N. J. Eq.* 540 (*E. & A.* 1876); *Kinkead v. Ryan,* 64 *Id.* 454, 457 (*Ch.* 1903); *Redmond v. Gummere,* 94 *Id.* 216 (*E. & A.* 1922); *In re Buzby, supra; Simpkins v. Simpkins, supra; Barrett v. Barrett, supra; Rusch v. Melosh,* 133 *Id.* 502, 509 (*Ch.* 1943); affirmed, 134

*Id.* 409 (*E. & A.* 1943) ; *Salem Nat'l Bank & Trust Co. v. Elkinton,* 139 *Id.* 429, 432 (*Ch.* 1947) ; *Haas v. Canton of Berne, supra; Karcher v. Karcher,* 142 *Id.* 349 (*Ch.* 1948) ; 60 *A.* 2d 76.

■ Normally, therefore, a phrase such as "at the death" or "after the death" in the devise of a remainder upon the expiration of a prior life estate, refers to the period of such interest entering into actual enjoyment, and not to the time at which the right to its eventual enjoyment becomes fixed. *Sadler v. Bergstrom,* 113 *N. J. Eq.* 567, 570 (*Ch.* 1933) ; *Clement v. Creveling,* 83 *Id.* 318 (*E. & A.* 1914) ; *Palmer v. Jones,* 299 *Ill.* 263, 132 *N. E.* 567 (*Sup. Ct. Ill.* 1921).

■ The presumption that favors early vesting is especially strong where the remainder interests are placed in the testator's children. *Lyons v. Lyons,* 313 *Mass.* 550, 48 *N. E.* 2d 18 (*Sup. Jud. Ct. Mass.* 1943 ; *In re Russell,* 168 *N. Y.* 169, 61 *N. E.* 166 (*Ct. of Appeals N. Y.* 1901) ; 3 *Page on Wills,* § 1259, *p.* 693. *Cf. Fairly v. Kline,* 3 *N. J. L.* 322, 325 (*Sup. Ct.* 1811) ; *Wells v. Bennett,* 100 *N. J. Eq.* 358 (*E. & A.* 1926) ; *Security Trust Co. v. Lovett,* 78 *Id.* 445, 450 (*Ch.* 1911).

Applying the foregoing rules to the will before us, it becomes apparent that Willis B. and Marshall Hawk had an estate in remainder in the aforesaid premises which was not contingent upon their surviving their mother, but which vested in them in fee immediately upon the death of their father, with the right to possession postponed until the death of their mother, the life tenant.

■ ■ The devise by George W. Hawk to his children was in severalty, as tenants in common, a joint tenancy was not created. This is evident from the use by the testator of the phrase to the effect that the children were to take "share and share alike." As was said in *Post v. Herbert's Executors, supra,* at *p.* 547 : "These are clear words of severance, denoting plurality of interests, among the objects of the gift." *Vide Vreeland v. Van Ryper;* 17 *N. J. Eq.* 133, 135 (*Ch.* 1864) ; *Redmond v. Gummere, supra,* at *p.* 218; *Note* 75 *A. L. R.* 797.

We conclude that Willis B. and Marshall Hawk took vested remainders in fee simple in the real estate included in the third paragraph of their father's will, as tenants in common, immediately upon his death. There is no evidence of a contrary intention on the part of the testator. Therefore, when Willis B. Hawk died intestate in 1924, his undivided one-half interest descended to his children, Audrey C. Fields and Elsie Orr, as tenants in common in fee simple. The remaining one-half of the other co-tenant, Marshall Hawk, which he devised to his mother, passed under her will to the complainants, Bertha Leidy Cody, Jennie Leidy and Mary Woolf, as tenants in common in fee simple.

That portion of the decree from which this appeal was taken is accordingly reversed, and the cause remanded to the Superior Court with directions to enter a judgment in conformity with this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance*—None.