152 N.J. Super. 435 (1977)
378 A.2d 34
IN THE MATTER OF THE ESTATE OF REUBEN H. BENNER, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1977.
Decided June 8, 1977.
*436 Before Judges LYNCH, MILMED and ANTELL.
*437 Mr. David G. Eynon argued the cause for defendants-appellants Girard Trust Bank and Marion J. Benner, executors of the estate of H. Tyler Benner, Jr. (Messrs. Farrell, Eynon, Madden & Lundgren, P.C., attorneys).
Mr. F. Morse Archer, Jr. argued the cause for plaintiffs-respondents Judith G. Benner and Marion B. Ohmart (Messrs. Archer, Greiner & Read, P.C., attorneys).
Mr. Charles F. Richman argued the cause for defendants-respondents Girard Trust Bank, H. Tyler Benner and Reuben H. Benner, 2d, trustees under the will of Reuben H. Benner.
Mr. William F. Hyland, Attorney General of New Jersey, filed a statement in lieu of brief for defendant-respondent Transfer Inheritance Tax Bureau, Division of Taxation, Department of the Treasury, State of New Jersey (Ms. Erminie L. Conley, Deputy Attorney General, of counsel; Mr. Martin L. Wheelwright, Deputy Attorney General, on the brief).
The opinion of the court was delivered by ANTELL, J.A.D.
Testator died in 1945. By his last will and testament he established successive life estates in residuary trust income for his wife Florence and his only living son H. Tyler Benner, Sr. The will further provides that "upon the decease of the survivor" of the wife and son the corpus is to be divided into two equal parts to be held in trust for the benefit of testator's grandsons Tyler, Jr. and Reuben 2d. Both trusts provide for income to be paid until each grandson reaches age 40, at which time they are to receive distribution of corpus. Specific provision was made that if either grandson "shall die before arriving at the age of forty years," the trust income was to go to "the child or children and issue" of the deceased grandson until *438 the youngest reached age 21, at which time the trust corpus was to be paid out to all such children.
Testator's widow died in 1956. His son Tyler Sr. survives. However, testator's grandson Tyler Jr., predeceased his father, Tyler Sr., in 1973 at the age of 52, and the question presented in this will construction case is whether the trust remainder to Tyler Jr. had vested or remained contingent at the time of his death in 1973. If the interest is found to have vested, two significant consequences follow: (1) the trust corpus passes through Tyler Jr.'s estate in substantial part to his widow; and (2) although not yet payable to Tyler Jr.'s estate, the value of the future interest, less an allowance for the present life estate, becomes includible in that estate for purposes of estate and inheritance taxes.
The position taken by the executors of Tyler Jr.'s estate and the New Jersey Transfer Inheritance Tax Bureau is that the remainder interest had vested at the time of that grandson's death. On the other hand, the children of Tyler Jr. and the trustees under the testator's will contend that the interest could not vest until the occurrence of both contingencies  Tyler Jr. attaining age 40 and the termination of Tyler Sr.'s life estate  and that it would have been testator's "probable intent" that his great grandchildren now have a contingent interest in the trust remainder which will vest upon the death of Tyler Sr.
Reasoning that the dominant estate plan shown by testator's will was to insure that the corpus of his estate remains in the hands of blood descendants and to conserve taxes, the trial judge concluded that both contingencies were required before the gift vested and that the gift therefore remained contingent when Tyler Jr. died. Pursuing what it conceived to be the testator's probable intent in this situation, the judge then ordered that a contingent remainder interest existed in the great grandchildren which would vest upon the death of Tyler Sr.
*439 The classic definitions of vested and contingent remainders were stated and discussed in Cody v. Fitzgerald, 2 N.J. 93 (1949):
A vested remainder is defined as one to which there is a present fixed right to future enjoyment of property though that enjoyment be postponed until the expiration of a prior estate. [Citation omitted] A contingent remainder on the other hand, is one in which the person to take is not in esse or ascertained, or the event upon which enjoyment is to take place is uncertain, or both. It is the uncertainty of the right of enjoyment, and not the uncertainty of actual enjoyment, that renders a remainder contingent. [citations omitted]
The policy of the law requires that legacies and devises in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested rather than contingent. [Citations omitted]
While it is true that certain terms like "at," "when," "after," "on," etc., often connote the time or event upon which legacies are to vest, nevertheless it was determined in that case (and repeatedly thereafter) that where it appears from the entire will that the only reason for postponing the enjoyment of a gift is to let in some other interest, the gift is deemed presently vested  the ownership passes at once though the time of enjoyment is postponed. So it has become the settled rule that a devise of a remainder limited upon a particular precedent estate, determinable on an event which must necessarily happen, will be construed as vesting the remainder estate at the time of the death of the testator unless his will clearly indicates a contrary intention. [Citations omitted]
Normally, therefore, a phrase such as "at the death" or "after the death" in the devise of a remainder upon the expiration of a prior life estate, refers to the period of such interest entering into actual enjoyment, and not to the time at which the right to its eventual enjoyment becomes fixed. [citations omitted]
The presumption that favors early vesting is especially strong where the remainder interests are placed in the testator's children. [Citations omitted] [at 96-98]
Within these definitions rules of construction have developed as aids to ascertaining the testator's intent in specific situations. 6 N.J. Practice (Clapp, Wills and Administration), §§ 571-590 (1962). One of these rules is that when a future gift is postponed until the occurrence of an uncertain event in order to let in an interest given to another, such as an intervening life estate, then the future gift vests *440 at the testator's death. Id. § 578 at 99. This rule has been applied regularly by our courts when interpreting testamentary language similar to that used by the testator in the will now under consideration. See Cody v. Fitzgerald, supra at 97-98; Pedrajas v. Bloomfield Trust Co., 101 N.J. Eq. 105 (Ch. 1927), aff'd 101 N.J. Eq. 803 (E. & A. 1927); Post v. Herbert's Executors, 27 N.J. Eq. 540 (E. & A. 1876); Simpkins v. Simpkins, 131 N.J. Eq. 227 (Ch. 1942).
There can be no doubt that in his choice of language testator expressed himself in a manner which has been consistently interpreted as creating a vested interest upon the occurrence of a contingency with the right of enjoyment deferred until the termination of a precedent estate "determinable on an event which must necessarily happen." Cody v. Fitzgerald, supra at 97. We are asked to disregard this plainly expressed manifestation of intent in favor of a contrary result arrived at by applying the doctrine of "probable intent" as formulated in Wilson v. Flowers, 58 N.J. 250 (1971); In re Burke, 48 N.J. 50 (1966); In re Cook, 44 N.J. 1 (1965); Fidelity Union Trust Co. v. Robert, 36 N.J. 561 (1962). See also Clapp, "Justice Nathan L. Jacobs  The Doctrine of Probable Intent," 28 Rut. L.R. 251 (1974).
It may be that testator favored his lineal descendants and would have wanted to spare his grandson's estate the payment of death taxes. The trouble with resolving this case on those propositions is that testator specifically provided for bequests of the trust remainder to his great grandchildren only in the event that his grandson should die before his fortieth year. The possibility that Tyler Jr. would predecease Tyler Sr. after his fortieth year was plainly foreseeable and yet he made no provision for an alternative disposition in such an event. Therefore we cannot read testator's intent as other than that his grandson was only to have a contingent interest until the time he turned 40, but that thereafter he was to enjoy full power of disposition over the remainder, i.e., a vested interest.
*441 The results before us are precisely those intended by testator and which would have obtained even if Tyler Jr. in the normal chronology of events survived his father. Upon Tyler Sr.'s death Tyler Jr. would have received the trust remainder and upon his death, even if it occurred only hours after his father's, it would have to be included as an asset of his estate for the purpose of death taxes. The fortuitous circumstance that Tyler Jr. predeceased his father furnishes no justification for disregarding the law of remainders in order to diminish the tax impact on Tyler Jr.'s estate. While under the doctrine of probable intent the court is obliged to put itself in the testator's position insofar as possible in the effort to accomplish what he would have done had he "envisioned the present inquiry," Fidelity Union Trust Co. v. Robert, supra at 564-566, this approach has its limits. Once the testator's dominant plan has been ascertained it is not our function to relieve that plan of its incidental burdens. It is no more defensible to find a gift over to the great grandchildren where Tyler Jr. lived past 40 years, as was done here, than it would be to say that testator would have made reaching age 53 a condition of the gift had he "envisioned" Tyler Jr. dying at age 52 surviving his father.
Naturally, testator is understood to have favored reducing estate and inheritance taxes where possible. But this purpose can only be accomplished through a chosen program for distribution of his estate. Our role is to discern and give effect to his plan, not to alter it in order to qualify his grandson's estate for more beneficial treatment under the tax laws. We therefore conclude that H. Tyler Benner, Jr. acquired a vested interest in the trust remainder with the right of enjoyment postponed until the termination of the life estate in H. Tyler Benner, Sr.
Reversed.